## S12A0698. HARRIS v. THE STATE.
### (728 SE2d 178)

THOMPSON, Justice.

Appellant Walter Lee Harris was convicted of and sentenced for felony murder predicated on the underlying felony of possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony in connection with the fatal shooting of

Quintin Walker.[1] On appeal, appellant asserts that he was denied effective assistance of trial counsel. Finding no error, we affirm.

1. Viewed in a light most favorable to the verdict, the evidence shows that appellant and Beyonica Watts were sitting in appellant's parked car when Quintin Walker and Walker's cousin, Marque Hart, appeared on a nearby sidewalk. Hart was allegedly swinging a wooden object, but Walker did not have anything which could be construed as a weapon.

Walker approached appellant's car, and the argument that eventually led to his fatal shooting began. As the argument escalated, appellant grabbed his gun, allegedly for protection, and exited his vehicle. Hart attempted to pull Walker away. Appellant fired a shot into the air and, though Hart ran away, Walker stayed and cursed appellant. Appellant then shot Walker five times; after the first shot, Walker fell to his knees and then tried to get away as appellant fired the four subsequent shots.

Appellant then pointed the gun at Watts, ordered her to get into the car, and drove away while firing the gun into the air again. Appellant drove Watts to a remote location, where he threatened her and told her to delete all information concerning him from her cell phone. Watts and Hart reported the crime later that day, and appellant was taken into custody three months later.

Appellant claims he shot Walker in self-defense from six feet away. He testified that Walker reached under his shirt for what appeared to be a gun, and he shot Walker only because Walker was running toward him.

The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The shooting occurred on July 15, 2008, and appellant was taken into custody on October 15, 2008. The grand jury indicted appellant on January 12, 2009 for one count of malice murder, two counts of felony murder, two counts of aggravated assault, two counts of possession of a firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon. A jury trial commenced on February 8, 2010. On February 10, 2010, the jury found appellant guilty of the lesser included offense of voluntary manslaughter, two counts of felony murder, one count of aggravated assault, one count of possession of a firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon. On March 11, 2010, the trial court sentenced appellant to serve life in prison for felony murder with the underlying felony being possession of a firearm by a convicted felon, and five years consecutive for possession of a firearm during the commission of a felony. The remaining counts were merged and vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Appellant filed a motion for a new trial on April 9, 2010, which was amended on November 19, 2010. The trial court held a hearing on appellant's motion for a new trial on March 24, 2011, and denied the motion on June 22, 2011. A notice of appeal was filed on July 12, 2011. The appeal was docketed in this Court for the April 2012 term, and was orally argued on April 16, 2012.

2. Appellant claims his trial counsel, Michael Ivan, rendered ineffective assistance when he (a) failed to understand and challenge expert testimony regarding how far gunpowder can travel and (b) neglected to request a jury instruction as to whether the felony underlying his felony murder conviction, i.e., possession of a firearm by a convicted felon, was inherently dangerous. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), an appellant "must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Punctuation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003). If an appellant fails to meet either prong of the *Strickland* test, it is not incumbent upon this Court to examine the other prong. *Battles v. State*, 290 Ga. 226, 229 (719 SE2d 423) (2011).

The trial court conducted a hearing on appellant's motion for a new trial and determined that Ivan did not render ineffective assistance. Giving due deference to the trial court's determinations,[2] we agree for the following reasons.

(a) Appellant claims Ivan rendered ineffective assistance when he failed to understand the significance of Dr. David Voss' expert testimony that gunpowder can travel up to 15 feet.[3] Appellant alleges Ivan's failure to understand and contradict Dr. Voss' testimony undermined appellant's credibility and his self-defense claim because appellant testified that Walker was six feet away when appellant shot him, but Dr. Voss' testimony implies that Walker had to have been more than 15 feet away because gunpowder was not found on his clothing.

The trial court determined Ivan's performance was not deficient because it was based on reasonable trial strategy and " '[a]s a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel.' " *Thomas v. State*, 284 Ga. 647, 650 (670 SE2d 421) (2008). We agree with the trial court for two reasons.

First, it is apparent that Ivan understood the significance of the testimony on gunpowder travel distance, but he chose not to concentrate on it. In this regard, Ivan testified that he did not deem it necessary to contradict Dr. Voss' testimony because he did not think the distance between appellant and Walker was "super significant."

---

[2] In reviewing a trial court's determinations, this Court "accept[s] . . . factual findings and credibility determinations unless they are clearly erroneous, and . . . independently appl[ies] the legal principles to these facts." *Battles*, supra at 229-230.

[3] At the hearing on the motion for a new trial, Dr. Voss testified that his testimony at trial about gunpowder's travel distances was inaccurate. He clarified that gunpowder rarely travels 15 feet; usually, gunpowder travels 24 to 36 inches from the gun muzzle.

In his opinion, the issue central to appellant's self-defense claim was whether Walker was running toward appellant when appellant shot him, regardless of the distance between the men. "[K]eeping in mind the strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance," *Battles*, supra at 230, Ivan's strategy to focus on this central issue cannot form the basis of an ineffective assistance claim.

Second, the record reflects that Ivan's cross-examination of Dr. Voss prompted Dr. Voss to admit gunpowder does not necessarily travel 15 feet. Ivan testified that he felt this admission created sufficient "wiggle room" on the issue. Although appellant seems to contend this admission was inadequate, " 'the degree to which an attorney chooses to cross-examine . . . fall[s] within the ambit of trial tactics,' " and, thus, also constitutes reasonable trial strategy. *Lawrence v. State*, 274 Ga. 794, 795 (560 SE2d 17) (2002).

(b) Appellant claims Ivan also rendered ineffective assistance because he failed to request a jury instruction as to whether the felony underlying his felony murder conviction — possession of a firearm by a convicted felon — was inherently dangerous. We find this claim without merit. It cannot be said that Ivan's failure to request an inherently dangerous charge prejudiced the defense because such a charge was not warranted under the circumstances of this case.

Appellant's claim is based largely on *Ford v. State*, 262 Ga. 602, 603 (423 SE2d 255) (1992), which held "[a] status felony, including the possession of a firearm by a previously convicted felon, is not inherently dangerous." However, the *Ford* court also acknowledged that attendant circumstances "may well exist under which such a felony may be considered dangerous." Id. Such attendant circumstances exist in this case; like the felon in *Shivers v. State*, 286 Ga. 422 (688 SE2d 622) (2010), the evidence shows that appellant *intentionally* grabbed his pistol and fired it at the victim.[4] Under such circumstances, appellant's status offense "create[d] a foreseeable risk of death" and was, therefore, inherently dangerous. (Punctuation omitted.) See id. at 424.

(c) Ivan's strategic decision to not contradict Dr. Voss' testimony on gunpowder travel distance does not constitute deficient performance, and Ivan's failure to request an inherently dangerous charge did not prejudice the defense. Thus, we find no error, and we affirm the trial court's denial of ineffective assistance on both grounds.

*Judgment affirmed. All the Justices concur.*

---

[4] This is distinguishable from *Ford*, supra at 602, where a convicted felon *accidentally* fired his pistol as he was unloading it and killed a woman in the apartment below.

DECIDED MAY 7, 2012 —
RECONSIDERATION DENIED JUNE 18, 2012.

*Brian Steel, Max C. Richardson, Jr.*, for appellant.
*Robert D. James, Jr., District Attorney, Daniel J. Quinn, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.