In the Supreme Court of Georgia

Decided:   March 7, 2016

S15A1506.  CRAYTON v. THE STATE.

BENHAM, Justice.

On April 4, 2011, appellant Antwuan Crayton shot and killed Curtis Lee

Mack, III.[1]  We affirm his convictions.

The facts, viewed in a light most favorable to sustaining the verdicts, show

that appellant was sitting in his green truck when Mack approached him about

driving too fast down the street earlier in the day. Witnesses testified that just

[1]On July 12, 2012, a DeKalb County grand jury indicted appellant on charges of malice murder, felony murder (aggravated assault), felony murder (possession of a firearm by a convicted felon), aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.  Appellant was tried before a jury from June 3 to June 6, 2013, and the jury found him guilty of the lesser included offense of voluntary manslaughter in regard to the malice murder charge, and guilty on all other charges in the indictment.  On June 19, 2013, the trial court sentenced appellant to life in prison without parole for felony murder (possession of a firearm by a convicted felon), twenty years to serve consecutively for aggravated assault, five years to serve consecutively on possession of a firearm during the commission of a felony, and five years to be served concurrently for possession of a firearm by a convicted felon.  The remaining charges merged or were vacated by operation of law.  Appellant moved for a new trial on July 12, 2013, and amended the motion on May 19, 2014, December 15, 2014, December 29, 2014, and December 30, 2014.  The trial court held a hearing on the motion on December 30, 2014 and denied the motion in part on February 2, 2015.  On February 23, 2015, the trial court corrected a sentencing error by merging the possession of a firearm by a convicted felon into the felony murder count for which appellant was convicted and sentenced.  Appellant filed a notice of appeal on March 20, 2015.  The case was docketed to the September 2015 Term of this Court and orally argued on November 2, 2015.

a few hours prior to the shooting, appellant said he was going to "bury one of them" and the witnesses took that to be a threat against Mack and/or one of his friends who had witnessed appellant's reckless driving earlier in the day. Immediately prior to the shooting, Mack and appellant began to argue. Witnesses saw Mack beat his hands on appellant's truck and heard him use profanities. Appellant, who was a convicted felon and prohibited from having a gun, reached for a gun inside his truck and shot Mack five times. The medical examiner testified that Mack was 1.5 to 3 feet away when he was shot. Mack later died from his injuries which included bullet wounds to the torso that traversed major organs including Mack's heart, lung and liver. After the shooting, appellant fled the scene and threw the gun away in a body of water. About eight days later, appellant turned himself in to police and surrendered his truck which contained seven shell casings inside.

Appellant admitted to authorities and testified at trial that he shot the victim, but said he acted in self-defense. According to appellant, Mack revealed a gun in the waistband of his pants while trying to get into his truck and that this action by Mack caused appellant to fear for his life. No gun was recovered from Mack's body and other eyewitnesses testified that Mack was unarmed.

Appellant testified that he kept his gun with him to protect himself from being car-jacked. Appellant also identified a picture of the gun he used to shoot the victim. The picture matched witnesses' description of the gun as being a black semiautomatic hand gun with an extended clip. Appellant also admitted he was guilty of being a convicted felon in possession of a gun.

1. Appellant argues that the State failed to disprove appellant's affirmative defenses of self-defense and defense of habitation beyond a reasonable doubt. "The determination of whether the State has met its burden to disprove the affirmative defense is for the jury, and the jury's determination in the present case that the burden was met was supported by the evidence." (Citation omitted.) Bentley v. State, 261 Ga. 229 (2) (404 SE2d 101) (1991). Here, the State presented evidence showing appellant shot the victim, evidence showing the victim was unarmed, and evidence showing the victim was 1.5 to 3 feet away from the gun when appellant fired it. While appellant testified the victim was armed at the time of the altercation, the jury was free to weigh appellant's credibility as it did the credibility of the other witnesses, and it was free to reject appellant's affirmative defenses. See Hoffler v. State, 292 Ga. 537 (1) (739 SE2d 362) (2013). See also Glenn v. State, 296 Ga. 509 (1) (769 SE2d 291)

3

(2015). The evidence as summarized above was otherwise sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses for which the jury returned verdicts of guilt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560 (1979). Accordingly, this enumeration of error is without merit.

2. Appellant alleges that the prosecutor made a misstatement of the law on felony murder predicated on possessing a firearm by a convicted felon during his opening statement. Trial counsel never objected to this portion of the prosecutor's opening statement. Inasmuch as there was no contemporaneous objection made, this allegation of error has not been preserved for review on appeal. See Phillips v. State, 285 Ga. 213 (3) (675 SE2d 1) (2009). Also, there is no authority for the application of plain error review to comments made by lawyers during opening statements. Rather, we apply plain error review to the trial court's jury instructions (see OCGA § 17-8-58 (b)) and to the trial court's rulings on evidence. See OCGA § 24-1-103 (d). Opening statements are neither instructions by the trial court nor evidence. Accordingly, in the absence of an objection,[2] this allegation of error will not be considered by the Court.

---

[2]Appellant's citation to Williams v. State, 297 Ga. 460 (2) (773 SE2d 213) (2015) is inapplicable because in that case a contemporaneous objection was made and this Court did not

4

3. Appellant alleges counsel was ineffective when he failed to object to the comments made by the prosecutor during opening statements and when he failed to move to suppress the search of appellant's cell phones. In order to prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) Pruitt v. State, 282 Ga. 30, 34 (4) (644 SE2d 837 (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court. Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

a. During his opening statement, the prosecutor made the following comments:

> The defendant is charged with malice murder, felony murder during an aggravate[d] assault, felony murder, possession of a firearm by a felon,... and possession of a gun during a crime. ...Listen carefully as you hear the witnesses testify. Malice murder simply means he deliberately intended to kill [the victim]. Felony murder means he

---

apply plain error analysis. Likewise, our decision in State v. Sims, 296 Ga. 465 (769 SE2d 62) (2015) did not involve the application of plain error review, but rather involved analysis based on ineffective assistance of counsel.

5

killed [the victim] during a shooting where he didn't maybe shoot him in the leg and they bleed out or something like that, without the intent to kill but you're committing an aggravated assault and they die.  And the third one is *felony murder by possessing a firearm by a convicted felon alone is sufficient to convict him of felony murder. Him being a convicted felon, having a gun and using that gun to kill somebody, regardless of the circumstances, that is felony murder itself.*

Appellant contends that the italicized language is a misstatement of law and that his trial counsel was deficient for failing to object.  While trial counsel did not make an objection, he did address the prosecutor's comments through his own opening statement.  Specifically, trial counsel said in his opening:

[T]he district attorney made a comment that he's a convicted felon [and so] basically he can't defend himself, that's wrong.  Even if you're a convicted felon, you have a right to defend yourself.
...
On the indictment it says possession of a firearm by a convicted felon, that's guilty, okay, you don't even have to think about that. He is a convicted felon, he possessed a firearm, that's guilty.  You don't have to think about that; the other charges you do.
...
The district attorney indicated my client is charged with felony murder in that he possessed a firearm while he was a convicted felon.  And because he possessed this firearm, therefore he used it in such a manner to commit felony murder.  If you find, after you look at the evidence that this was self-defense, that's a whole different issue....  I would just ask that you keep an open mind and listen to the evidence.

In addition the record shows that at the beginning of trial, the trial court instructed the jury that anything the lawyers said was not evidence. After the close of evidence, the trial court also charged the jury on felony murder and possession of a firearm by a convicted felon:

> A person commits the offense of possession of a firearm by a convicted felon when he possesses a firearm after having been convicted of a felony by a court of the State of Georgia.
>
> If you find and believe beyond a reasonable doubt that the defendant committed the homicide alleged in this bill of indictment at the time the defendant was engaged in the commission of ...the felony of possession of a firearm by a convicted felon, then you would be authorized to find the defendant guilty of murder, whether the homicide was intended or not.
>
> In order for a homicide to have been done in the commission of this particular felony..., there must be some connection between the felony and the homicide. The homicide must have been done in carrying out the unlawful act and not collateral to it. It is not enough that the homicide occurred soon or presently after the felony was committed. The felony must have a legal relationship to the homicide, be at least concurrent with it in part, and be part of it as in an actual and material sense. A homicide is committed in the carrying out of a felony when it is committed by the accused while engaged in the performance of any act required for the full execution of the felony.

Pretermitting whether counsel was deficient in failing to object to the prosecutor's comments, when one considers the record as a whole, appellant has failed to show any prejudice that would sustain a claim for ineffective assistance

7

of counsel. Although he did not make an objection, counsel took action by responding to the prosecutor's opening commentary and by advancing appellant's self-defense theory of the case. Later on, the trial court correctly charged the jury on the law it was required to apply during its deliberations. Under these circumstances, this allegation of error lacks merit.

b. When appellant turned himself in to police, the authorities confiscated his two cell phones incident to arrest. A year later, the authorities sought and obtained a warrant to search appellant's cell phones. The following facts were set forth in the affidavit and application for the search warrant:

> On 4/4/2011, witnesses advised that [appellant] ..had driven recklessly through the neighborhood prior to the incident. The victim... had confronted [appellant] about his driving and they exchanged unpleasant words. Witnesses heard [appellant] say he would "bury" [the victim] just prior to the incident.

> Some witnesses advised police that they were as close as 20 feet away from the incident.

> [Appellant] parked down the block and [the victim] approached [appellant] while he was sitting in his truck (the same truck that was identified as belonging to [appellant] by witnesses). After a short argument, witnesses observed [appellant] pull out a black 9mm hand gun with an extended magazine and shoot the victim several times. Witnesses also observed bullets sparking on the ground near the [victim] while he was stepping backwards. [The victim] fell to the ground and witnesses saw [appellant] drive away from the scene in his Green Chevrolet S-10 [t]ruck.

8

On 4/12/2011, [appellant] came to DeKalb County Major Felony Unit and admitted to the murder of [the victim]. He advised that he was only trying to protect himself. [Appellant] was placed into custody and his cell phones were seized by detectives. His Chevrolet S-10 truck was searched (search warrant secured) on a later date and shell casings were found within the vehicle.

The superior court determined there was probable cause to search the cell phones and it issued a warrant which authorized the recovery of "[d]igital evidence such as photographs, text messages, call detail records, stored contact information, and stored/saved web site addresses" in relation to the crime of murder.

On appeal, appellant complains that there was no probable cause to issue the warrant and that counsel was ineffective for failing to file a motion to suppress. "Where, as here, trial counsel's failure to file a motion to suppress is the basis for a claim for ineffective assistance, the burden is on the appellant to make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." Smith v. State, 296 Ga. 731 (2) (a) (770 SE2d 610) (2015). Appellant has not met this burden. Other than pointing to the affidavit, appellant has not shown what other evidence the superior court considered when determining probable cause. Without the record of all the evidence the superior court had in making its decision, appellant has failed to

show that the motion to suppress would have succeeded. See Martin v.

McLaughlin, 298 Ga. 44, 46 (779 SE2d 294) (2015). Furthermore, this Court

has stated that

> doubtful cases should be resolved in favor of upholding the determination that issuance of a warrant was proper, reflecting both a desire to encourage use of the warrant process by police officers and a recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case.

Id. at 734 (quoting Glenn v. State, 288 Ga. 462, 466 (2)(d) (704 S.E.2d 794)

(2011)). Accordingly, we cannot conclude that counsel rendered

constitutionally ineffective assistance.

4. Appellant alleges the trial court abused its discretion when it admitted

several photographs,[3] mostly culled from appellant's cell phones, over

appellant's objection. One photograph is of appellant wearing a long dreadlock

hairstyle; one photograph shows appellant holding a gun; one photograph

appears to show appellant's shirtless torso and a gun tucked in the pocket or

waistband of his pants; one photograph shows a gun with an extended magazine

clip; one photograph shows a gun with an extended magazine clip next to a

---

[3]Appellant states he takes issue with six photographs, but the exhibit numbers he references include ten photographs and so we have considered all ten.

bottle of wine; one photograph shows appellant with long dreadlocks and a chain around his neck; one photograph shows appellant holding money; two photographs show appellant with a cigar or cigarette in his mouth; and the final photograph at issue shows appellant in a kitchen with a bowl and baking soda. At trial, appellant argued that the photographs were irrelevant, more prejudicial than probative, and impermissibly "attacked" appellant's character. The trial court reviewed all of the photographs proffered by the State and it admitted some, including those at issue here, while barring others.

The admission or exclusion of evidence is within the sound discretion of the trial court and such determinations will not be disturbed in the absence of showing an abuse of discretion. Young v. State, 297 Ga. 737 (2) (778 SE2d 162) (2015). Contrary to what appellant contends in his appellate brief, none of the photographs admitted into evidence at trial show appellant "cooking crack cocaine" or otherwise using or handling drugs. In fact, in its case-in-chief, the State did not introduce any evidence, photographic or otherwise, that showed appellant was involved in drugs. It was during the defense's presentation of evidence that the jury was first made aware that appellant had any involvement in drug-related activities when counsel introduced appellant's prior drug

11

convictions.[4] Accordingly, it was not the State that put appellant's character in issue with regard to drugs.

Witnesses testified that appellant's appearance had changed between the time the incident occurred and the time the trial took place. Thus, we agree that the photographs were relevant to show appellant's appearance for identification purposes. Since appellant threw away the murder weapon and the police were unable to recover it, the photographs were also relevant to show the gun that was used. In fact, appellant testified that the gun in the photographs was the gun he used to shoot the victim. We cannot say the trial court abused its discretion when it admitted the photographs at issue.

5. Appellant contends the trial court erred when it admitted other crimes evidence showing appellant was arrested and charged for possession of a firearm by a convicted felon. The record shows the State introduced evidence of two incidents– one in 2004 and the other in 2007– by calling the arresting officers to testify. The trial court gave the jury a limiting instruction immediately prior to the testimony of these officers. Appellant did not object to either officer's

---

[4]At the motion for new trial hearing, trial counsel testified that he introduced the prior conviction evidence because appellant intended to testify and he wanted to disclose the information before the State could use it for impeachment and so that appellant would appear to be truthful.

testimony and appellant was able to cross-examine each officer through counsel.

After the officers testified, the State proffered exhibits[5] associated with the arrests for possession of a firearm by a convicted felon. Counsel for appellant asserted on the record that he had no objection to the admission of the documentary evidence. Inasmuch as appellant did not object to the admission of this evidence and affirmatively stated he had no objection to the admission of the evidence in question, our review is for plain error under Georgia's new Evidence Code. See OCGA § 24-1-103 (d).

In State v. Kelly, 290 Ga. 29 (2) (a) (718 SE2d 232) (2011), this Court announced the proper analysis when conducting plain error review:

> First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

---

[5]The exhibits included evidence of other crimes, including drug possession; however, during the defense's presentation of evidence, appellant admitted to the drug-related crimes.

13

(Citations and internal punctuation omitted.)  Here, appellant cannot show that the admission of this evidence affected his substantial rights.  Appellant testified on his own behalf and during his testimony he admitted that he had previously been arrested for possession of a firearm while a convicted felon and that he was guilty of that charge in the instant case.  Thus, the admission of this evidence had no effect on the outcome of the trial and there is no plain error.

6.  Appellant alleges the trial court erred when it refused to instruct the jury that voluntary manslaughter is a lesser included offense of felony murder predicated on possession of a firearm by a convicted felon.  Because the underlying felony of possession of a firearm by a convicted felon is independent of the killing, voluntary manslaughter is not a lesser included offense of felony murder predicated on possession of a firearm by a convicted felon.  See Sims v. State, 265 Ga. 35 (3) (453 SE2d 33) (1995).  Accordingly, the trial court did not err when it did not give a voluntary manslaughter instruction in regard to that crime.

7. Finally, appellant contends the trial court made merger and sentencing errors.  Specifically, appellant contends his conviction for felony murder predicated on possession of a firearm must be vacated under the modified

14

merger rule announced in Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992) and that his conviction for aggravated assault should have merged with the felony murder conviction predicated on aggravated assault. These arguments lack merit. This Court has held for the past two decades that the modified merger rule announced in Edge is inapplicable to felony murder predicated on possession of a firearm by a convicted felon. See Amos v. State, 297 Ga. 892 (2) (778 SE2d 892) (2015); Sims v. State, supra, 265 Ga. at 36.[6] Therefore, appellant's conviction and sentence for felony murder predicated on possession of a firearm by a convicted felon is sustained.

As far as the conviction and sentence for aggravated assault, it too must be sustained. In this case, when appellant was convicted of voluntary manslaughter as a lesser included offense of malice murder, the charge of felony murder (aggravated assault) was vacated per Edge. However, when a defendant is convicted of voluntary manslaughter as a lesser included offense of murder and convicted of felony murder (possession of a firearm by a convicted felon), the voluntary manslaughter charge must be vacated. See Lawson v. State, 280

---

[6]We see no reason to overrule these and other precedents which have refused to extend Edge in the manner advocated by appellant.

15

Ga. 881 (3) (635 SE2d 134) (2006).[7] The aggravated assault conviction, which was still viable after the felony murder (aggravated assault) conviction was vacated, did not merge for sentencing purposes. Id. at 883. See also Poole v. State, 291 Ga. 848 (9) (734 SE2d 1) (2012). Accordingly, there was no error when the trial court sentenced appellant for aggravated assault.

Judgment affirmed. All the Justices concur, except Melton, Nahmias, and Blackwell, JJ., concur in part and dissent in part.

---

[7]We note that this is not a case in which the defendant's possession of a firearm happened suddenly and just prior to the murder while the defendant was still acting in the heat of passion. See Wallace v. State, 294 Ga. 257, 262-263 (754 SE2d 5) (2013) (Melton, J., concurring).

S15A1506. CRAYTON v. THE STATE.

BLACKWELL, Justice, concurring in part and dissenting in part.

The Court concludes that aggravated assault and felony murder premised on the possession of a firearm by a convicted felon do not merge, but in the circumstances of this case, I disagree. To the extent that the Court affirms the conviction and sentence for aggravated assault, I respectfully dissent. I otherwise concur fully in the judgment and opinion of the Court.[1]

To prove the felony murder, the State was required to show that Antwuan Crayton is a convicted felon, that he possessed a firearm, that he did so in circumstances that posed a foreseeable risk of death, and that he thereby proximately caused the death of Curtis Lee Mack, III. See Harris v. State, 291 Ga. 175, 178 (2) (b) (728 SE2d 178) (2012); State v. Jackson, 287 Ga. 646 (697 SE2d 757) (2010); Shivers v. State, 286 Ga. 422, 423-425 (3) (688 SE2d 622) (2010). Indeed, more than twenty years ago, this Court held in Ford v. State, 262

---

[1] To be perfectly clear, I take issue only with the portion of Division 7 in which the Court addresses the merger of aggravated assault and felony murder. I concur fully in the other portion of Division 7, which is concerned with the modified merger rule of Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992). I also concur fully in Divisions 1 through 6 of the opinion of the Court.

Ga. 602 (423 SE2d 255) (1992), that not all felonies are dangerous enough to form a proper predicate for felony murder, and possession of a firearm by a convicted felon is sufficiently dangerous only in some circumstances. See id. at 602-604 (1). Moreover, we said in Ford that possession of a firearm by a convicted felon usually is dangerous enough to form a predicate for felony murder only when the firearm is possessed in a manner that is criminal for some reason other than the fact that the person possessing it is a convicted felon. See id. at 603-604 (1) ("[T]he possession of the firearm by Ford, alone, under these circumstances which involve no assault nor any other criminal conduct, is not a felony upon which a felony murder conviction may be obtained . . . ."). Under Ford and its progeny, to show that a defendant possessed a firearm in circumstances that posed a foreseeable risk of death, the State has to prove that the defendant used the firearm intentionally to make an assault, that he used the firearm intentionally for some other criminal purpose, that he possessed it in a manner that was criminally reckless or negligent, or that he possessed it in some other criminally culpable and dangerous way.[2] See, e.g., Harris, 291 Ga. at 178

---

[2] Much of the difficulty with this case is attributable to our decision in Ford, which essentially held that proof of *two* predicate crimes — possession of a firearm by a convicted felon (a felony) and some other crime relating to the manner of possession (felony or misdemeanor) — is required to show a murder in the commission of possession of a firearm by a convicted felon. Our decision in

(2) (b); <u>Shivers</u>, 287 Ga. at 424 (3); <u>Hines v. State</u>, 276 Ga. 491, 493 (3) (578 SE2d 868) (2003); <u>Metts v. State</u>, 270 Ga. 481, 482-483 (1) (511 SE2d 508) (1999); <u>Ford</u>, 262 Ga. at 603 n.4 (1). In this case, in which the State separately charged Crayton with an aggravated assault with a deadly weapon, the State carried its burden as to felony murder by proof that Crayton intentionally used the firearm of which he was in possession to make an assault upon Mack. That circumstance not only rendered Crayton guilty of felony murder premised on possession of a firearm by a convicted felon, it also made him guilty of the aggravated assault. See OCGA § 16-5-21 (b) (2).

Putting aside whether the aggravated assault and felony murder in this case would merge under the required evidence test, see <u>Drinkard v. Walker</u>, 281 Ga. 211 (636 SE2d 530) (2006), there are other circumstances in which the law requires merger. See <u>Ledford v. State</u>, 289 Ga. 70, 73 (1) (709 SE2d 239) (2011). Under OCGA § 16-1-7 (a) (1), "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused . . . may not . . . be convicted of more than one crime if . . . [o]ne crime is included in the

---

<u>Ford</u> has been criticized in recent years. See, e.g., <u>Smith v. State</u>, 290 Ga. 768, 778 (723 SE2d 915) (2012) (Nahmias, J., concurring); <u>Shivers</u>, 286 Ga. at 425-431 (Nahmias, J., concurring). <u>Ford</u> remains, however, our precedent, and "assuming we are to live with such law, we must apply it properly." <u>Shivers</u>, 286 Ga. at 425 (Nahmias, J., concurring).

other." And according to OCGA § 16-1-6 (2), one crime is included in another when "[i]t differs from the [other] crime . . . only in the respect that a less serious injury or risk of injury to the same person, property, or public interest . . . suffices to establish its commission." Aggravated assault with a deadly weapon requires no actual injury, and it is concerned with the risk of serious injury or death to which one is exposed when a deadly weapon — such as a firearm — is used intentionally to make an assault upon another. And at least as this Court has understood it, felony murder premised on the possession of a firearm by a convicted felon is concerned chiefly with a death that follows from a convicted felon having exposed another to a risk of death by virtue of the way in which the convicted felon possessed a firearm, such as by using the firearm intentionally to make an assault upon another. In this case, in which the evidence shows that the same conduct amounts to felony murder and an aggravated assault,[3] I conclude that those crimes merge under OCGA § 16-1-7 (a) (1).

_____

[3] Although the evidence shows that Mack was shot five times, there is no indication that the firing of those shots was interrupted by an interval sufficient to render the firing of any particular shot distinguishable in law from the firing of the other shots. See <u>Slaughter v. State</u>, 292 Ga. 573, 575 (1) (740 SE2d 119) (2013).

4

The only authority that the Court can muster for its conclusion otherwise is Lawson v. State, 280 Ga. 881 (635 SE2d 134) (2006). To be sure, we held in Lawson that an aggravated assault did not merge with a felony murder premised on possession of a firearm by a convicted felon. But we did so without any discussion or analysis whatsoever. In Lawson, we chiefly were concerned with the merger of voluntary manslaughter and felony murder, and with respect to aggravated assault, we said nothing about the required evidence test or the alternative standards for merger under OCGA § 16-1-7 (a). See Lawson, 280 Ga. at 883 (3). Even today, the Court offers no reasoning in support of our summary holding in Lawson. To the extent that Lawson suggests that aggravated assault never can merge with felony murder premised on possession of a firearm by a convicted felon, I would disapprove that decision. We ought not follow unreasoned precedent without reason.

On the facts of this case, the aggravated assault and felony murder properly should merge. Accordingly, Crayton ought not have been convicted and separately sentenced for aggravated assault. Insofar as the Court concludes otherwise, I dissent. I am authorized to state that Justices Melton and Nahmias join this opinion.