BLACKWELL, Justice,
concurring in part and dissenting in part.
The Court concludes that aggravated assault and felony murder premised on the possession of a firearm by a convicted felon do not merge, but in the circumstances of this case, I disagree. To the extent that the Court affirms the conviction and sentence for aggravated assault, I respectfully dissent. I otherwise concur fully in the judgment and opinion of the Court.[8]
To prove the felony murder, the State was required to show that. Antwuan Crayton is a convicted felon, that he possessed a firearm, that he did so in circumstances that posed a foreseeable risk of death, and that he thereby proximately caused the death of Curtis Lee Mack III. See Harris v. State, 291 Ga. 175, 178 (2) (b) (728 SE2d 178) (2012); State v. Jackson, 287 Ga. 646 (697 SE2d 757) (2010); Shivers v. State, 286 Ga. 422, 423-425 (3) (688 SE2d 622) (2010). Indeed, more than twenty years ago, this Court held in Ford v. State, 262 Ga. 602 (423 SE2d 255) (1992), that not all felonies are dangerous enough to form *802 a proper predicate for felony murder, and possession of a firearm by a convicted felon is sufficiently dangerous only in some circumstances. See id. at 602-604 (1). Moreover, we said in Ford that possession of a firearm by a convicted felon usually is dangerous enough to form a predicate for felony murder only when the firearm is possessed in a manner that is criminal for some reason other than the fact that the person possessing it is a convicted felon. See id. at 603-604 (1) (“[T]he possession of the firearm by Ford, alone, under these circumstances which involve no assault nor any other criminal conduct, is not a felony upon which a felony murder conviction may be obtained_”). Under Ford and its progeny, to show that a defendant possessed a firearm in circumstances that posed a foreseeable risk of death, the State has to prove that the defendant used the firearm intentionally to make an assault, that he used the firearm intentionally for some other criminal purpose, that he possessed it in a manner that was criminally reckless or negligent, or that he possessed it in some other criminally culpable and dangerous way.[9] See, e.g., Harris, 291 Ga. at 178 (2) (b); Shivers, 286 Ga. at 424 (3); Hines v. State, 276 Ga. 491, 493 (3) (578 SE2d 868) (2003); Metis v. State, 270 Ga. 481, 482-483 (1) (511 SE2d 508) (1999); Ford, 262 Ga. at 603 (1), n. 4. In this case, in which the State separately charged Crayton with an aggravated assault with a deadly weapon, the State carried its burden as to felony murder by proof that Crayton intentionally used the firearm of which he was in possession to make an assault upon Mack. That circumstance not only rendered Crayton guilty of felony murder premised on possession of a firearm by a convicted felon, it also made him guilty of the aggravated assault. See OCGA § 16-5-21 (b) (2).
Putting aside whether the aggravated assault and felony murder in this case would merge under the required evidence test, see Drinkard v. Walker, 281 Ga. 211 (636 SE2d 530) (2006), there are other circumstances in which the law requires merger. See Ledford v. State, 289 Ga. 70, 73 (1) (709 SE2d 239) (2011). Under OCGA § 16-1-7 (a) (1), “[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused . . . may not... be convicted of more than one crime if.. . [o]ne crime is included in the other[.]” And according to OCGA § 16-1-6 (2), one crime is included in *803 another when “[i]t differs from the [other] crime... only in the respect that a less serious injury or risk of injury to the same person, property, or public interest... suffices to establish its commission.” Aggravated assault with a deadly weapon requires no actual injury, and it is concerned with the risk of serious injury or death to which one is exposed when a deadly weapon — such as a firearm — is used intentionally to make an assault upon another. And at least as this Court has understood it, felony murder premised on the possession of a firearm by a convicted felon is concerned chiefly with a death that follows from a convicted felon having exposed another to a risk of death by virtue of the way in which the convicted felon possessed a firearm, such as by using the firearm intentionally to make an assault upon another. In this case, in which the evidence shows that the same conduct amounts to felony murder and an aggravated assault,[10] I conclude that those crimes merge under OCGA § 16-1-7 (a) (1).
The only authority that the Court can muster for its conclusion otherwise is Lawson v. State, 280 Ga. 881 (635 SE2d 134) (2006). To be sure, we held in Lawson that an aggravated assault did not merge with a felony murder premised on possession of a firearm by a convicted felon. But we did so without any discussion or analysis whatsoever. In Lawson, we chiefly were concerned with the merger of voluntary manslaughter and felony murder, and with respect to aggravated assault, we said nothing about the required evidence test or the alternative standards for merger under OCGA § 16-1-7 (a). See Lawson, 280 Ga. at 883 (3). Even today, the Court offers no reasoning in support of our summary holding in Lawson. To the extent that Lawson suggests that aggravated assault never can merge with felony murder premised on possession of a firearm by a convicted felon, I would disapprove that decision, We ought not follow unreasoned precedent without reason.
On the facts of this case, the aggravated assault and felony murder properly should merge. Accordingly, Crayton ought not have been convicted and separately sentenced for aggravated assault. Insofar as the Court concludes otherwise, I dissent.
I am authorized to state that Justices Melton and Nahmias join this opinion.
*804 Decided March 7, 2016
Reconsideration denied April 4, 2016.
Frances C. Kuo, Stephen T. Maples, for appellant.
Robert D. James, Jr., District Attorney, Deborah D. Wellborn, Assistant District Attorney ¡Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth M. Haase, Assistant Attorney General, for appellee.

 To he perfectly clear, I take issue only with the portion of Division 7 in which the Court addresses the merger of aggravated assault and felony murder. I concur fully in the other portion of Division 7, which is concerned with the modified merger rule of Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992). I also concur fully in Divisions 1 through 6 of the opinion of the Court.

 Much of the difficulty with this case is attributable to our decision in Ford, which essentially held that proof of two predicate crimes - possession of a firearm by a convicted felon (a felony) and some other crime relating to the manner of possession (felony or misdemeanor) - is required to show a murder in the commission of possession of a firearm by a convicted felon. Our decision in Ford has been criticized in recent years. See, e.g., Smith v. State, 290 Ga. 768, 778 (723 SE2d 915) (2012) (Nahmias, J., concurring); Shivers, 286 Ga. at 425-431 (Nahmias, J., concurring). Ford remains, however, our precedent, and “assuming we are to live with such law, we must apply it properly.” Shivers, 286 Ga. at 425 (Nahmias, J., concurring).

 Although the evidence shows that Mack was shot five times, there is no indication that the firing of those shots was interrupted by an interval sufficient to render the firing of any particular shot distinguishable in law from the firing of the other shots. See Slaughter v. State, 292 Ga. 573, 575 (1) (740 SE2d 119) (2013).