## S91A1127. EDGE v. THE STATE.

(414 SE2d 463)

HUNT, Justice.

Jesse Calvin Edge, Jr., shot and killed his estranged wife, Barbara, with a handgun. He was convicted by a jury of felony murder, voluntary manslaughter, and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment and to a term of years.[1]

1. The evidence is sufficient to permit a rational trier of fact to find Edge guilty of voluntary manslaughter and possession of a firearm during the commission of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Edge contends the trial court erred by entering judgment on both verdicts for voluntary manslaughter and felony murder to stand since the basis for both was the same aggravated assault. We agree, and reverse the conviction for felony murder. Under *Malone v. State*, 238 Ga. 251, 252 (232 SE2d 907) (1977), where the evidence would authorize a verdict for either voluntary manslaughter or felony murder, the trial court should instruct the jury on both forms of homicide. However, where the jury renders a verdict for voluntary manslaughter, it cannot also find felony murder based on the same underlying aggravated assault. This can be understood by recognizing the theory of felony murder; that is, that it depends on the transfer or

---

[1] The homicide occurred on July 6, 1990. Edge was indicted on July 12, 1990. He was found guilty on December 10, 1990, and was sentenced on January 8, 1991. His motion for new trial was filed on January 4, 1991, and denied on April 5, 1991. The transcript was certified on January 25, 1991. A notice of appeal was filed on April 24, 1991. The appeal was docketed on May 17, 1991. Oral arguments were heard on September 23, 1991.

imputation of malice from the mens rea of the felonious assault to the killing. See Kurtz, Criminal Offenses & Defenses in Georgia (3d ed. 1991) p. 251. If the jury finds voluntary manslaughter, it necessarily finds the felonious assault was mitigated by provocation, and committed without the mens rea essential to impute malice to the killing. Thus, the felony of assault in that instance cannot support a felony murder conviction because there is no malice to be transferred.[2]

On the other hand, the jury could find (which it did not in this case) that the aggravated assault was done with malice, in which case the assault could support a conviction for felony murder. Id. at 253. Stated another way, if there is but one assault and that assault could form the basis of either felony murder or voluntary manslaughter, a verdict of felony murder may *not* be returned if the jury finds that the assault is mitigated by provocation and passion. To hold otherwise would eliminate voluntary manslaughter as a separate form of homicide since, in that event, every voluntary manslaughter would also be a felony murder.

Disallowing a felony murder conviction where the underlying assault is found to have been mitigated by provoked passion is a somewhat modified version of the "merger doctrine," which we have considered on previous occasions. *Lewis v. State*, 260 Ga. 404, 405, n. 2 (396 SE2d 212) (1990); see also *Baker v. State*, 236 Ga. 754, 757 (225 SE2d 269) (1976) (rejecting adoption of the doctrine). That doctrine, which is the rule in most states, would preclude a felony murder conviction based upon an aggravated assault directed against the person who was killed. In *Lewis v. State* we noted that the strict liability element of felony murder, which allows the "bootstrapping" of an assault charge to support a felony murder conviction, is unfair in those instances where the killings otherwise could have been reduced, on the ground of mitigation, to manslaughter. *People v. Ireland*, 450 P2d 580, 590 (70 Cal2d 522) (1969).

In determining what, if any modifications should be made to our "strict liability" felony murder rule, we must examine the purpose behind that rule.

"The purpose of the felony-murder rule is to deter felons from killing negligently or accidentally by holding them

---

[2] Professor Kurtz suggests *Malone* holds, implicitly, that an assault committed in the heat of passion cannot support a felony murder conviction. Kurtz, supra at p. 253. We are aware that OCGA § 16-5-1 (c) authorizes a felony murder conviction "irrespective of malice." That is, in fact, what distinguishes felony murder from malice murder. Nonetheless, we recognize that the fundamental justification for felony murder — a murder without the element of malice — was the level of malicious intent associated with a felony, especially a dangerous felony. See generally Crump & Crump, In Defense of the Felony Murder Doctrine, Harvard Journal of Law & Public Policy 359, 363 (1985).

strictly responsible for killings they commit." [Cit.] The Legislature has said in effect that this deterrent purpose outweighs the normal legislative policy of examining the individual state of mind of each person causing an unlawful killing to determine whether the killing was with or without malice, deliberate or accidental, and calibrating our treatment of the person accordingly. Once a person perpetrates or attempts to perpetrate one of the enumerated felonies, then in the judgment of the Legislature, he is no longer entitled to such fine judicial calibration, but will be deemed guilty of first degree murder for any homicide committed in the course thereof.

*People v. Burton*, 491 P2d 793, 801 (99 Cal. Rptr. 1) (1971). Instead of adopting the merger rule in toto — which would preclude felony murder based on *any* aggravated assault by the defendant on the victim — the modified version adopted by this opinion precludes a felony murder conviction only where it would prevent an otherwise warranted verdict of voluntary manslaughter. This result, in our view, answers the concerns expressed in *Malone* and *Baker*, the California cases cited herein, and many of the various commentators on this subject.

Our holding requires some precision in the charge to the jury where the evidence would authorize a conviction for felony murder or voluntary manslaughter. A sequential charge requiring the jury to consider voluntary manslaughter *only* if it has considered and found the defendant not guilty of malice murder and felony murder is not appropriate where there is evidence that would authorize a charge on voluntary manslaughter. The "sequential" charge eliminates the jury's full consideration of voluntary manslaughter because, if it concludes a felony murder occurred, it would not then go on to consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter. Instead, the trial court should instruct the jury so as to ensure adequate consideration of charges for both forms of homicide.[3] To the extent *Hill v. State*, 259 Ga. 655, 657 (3) (386 SE2d 133) (1989); *Alexander v. State*, 247 Ga. 780, 784 (3) (279 SE2d 691) (1981), and *Harrell v. State*, 249 Ga. 48, 51 (5) (288 SE2d

---

[3] In addition to the statutory definitions of the crimes involved, for example, murder, felony murder, and voluntary manslaughter, the jury should be admonished that if it finds provocation and passion with respect to the act which caused the killing, it could not find felony murder, but would be authorized to find voluntary manslaughter. Such instructions are necessary only when the aggravated assault is perpetrated against the homicide victim and is an integral part of the killing and when the evidence authorizes a voluntary manslaughter charge. On the other hand, this problem does not exist if the underlying felony is independent of the killing itself, such as burglary, robbery, or even an assault that is directed against someone other than the homicide victim. See *Lewis v. State*, supra.

192) (1982) conflict with this opinion, they are overruled.

Because the jury in this case convicted the defendant of both voluntary manslaughter and felony murder, it must be assumed the jurors found the underlying aggravated assault to be the product of provocation and passion. Thus, only the voluntary manslaughter conviction may stand. The felony murder conviction is, accordingly, reversed.

*Judgment affirmed in part; reversed in part and remanded for sentencing as provided by law for the offense of voluntary manslaughter. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 4, 1992 —
RECONSIDERATION DENIED FEBRUARY 19, 1992.

*Smith, Hawkins, Almand & Hollingsworth, O. Hale Almand, Jr., Leigh G. Brogdon,* for appellant.

*Edward D. Lukemire,* District Attorney, *George R. Christian, Shelley S. Howard, Dee Brophy,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Thomas A. Cox, Jr.,* for appellee.