S94A1225. SIMS v. THE STATE.
(453 SE2d 33)

FLETCHER, Justice.

Edward James Sims was sentenced to life imprisonment for the shooting death of Lymus Pettaway.[1] We affirm.

The grand jury indicted Sims for malice murder (Count 1), felony murder with aggravated assault as the underlying felony (Count 2), felony murder with possession of a firearm by a convicted felon as the underlying felony (Count 3), aggravated assault (Count 4), and possession of a firearm by a convicted felon (Count 5). At the trial on the first four counts, the jury returned a verdict of guilty of voluntary manslaughter on the malice murder count, guilty of both felony murder counts, and guilty of aggravated assault. The trial court merged Counts 1, 2, and 4 and sentenced Sims to life in prison on Count 3.

1. The state presented evidence that Pettaway stabbed Sims' nephew, Fernando Hunter, after Hunter refused to loan ten dollars to Pettaway. While driving around later that day searching for Pettaway, Sims and Hunter saw him in another vehicle and shot him. Pettaway drove away and crashed in a cemetery, dying in a hospital from a gunshot wound. Reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier

---

[1] The homicide occurred on March 2, 1993. Sims was indicted on May 11, 1993, and convicted on December 15, 1993. He filed a motion for a new trial on January 13, 1994, which was denied on February 28, 1994. Sims filed a notice of appeal on March 30, 1994. The appeal was docketed on May 10, 1994, and submitted for decision without oral argument on July 5, 1994.

of fact could have found Sims guilty of felony murder beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There is no merit to Sims' contention that the trial court erred in failing to direct a verdict of acquittal on the charge of felony murder with the underlying felony of aggravated assault. Because the trial court did not enter a judgment on that count, we find no error.

3. Sims also seeks a reversal of the conviction and sentence on Count 3. He asks this court to extend the rule adopted in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), to a conviction for felony murder when the underlying felony is possession of a firearm by a convicted felon.

In *Edge*, this court adopted a modified merger rule, holding that a defendant could not be convicted and sentenced for felony murder based on aggravated assault as the underlying felony when the jury also convicted the defendant of voluntary manslaughter. The rationale for that ruling was that the malice imputed from the underlying felony to support the felony murder conviction was absent when the jury found that provocation and passion mitigated the assault. As *Edge* pointed out, "this problem does not exist if the underlying felony is independent of the killing," such as burglary or robbery. Id. at 867, n. 3. Instead, the rule applies only "where the aggravated assault is perpetrated against the homicide victim and is an integral part of the killing." *Foster v. State*, 264 Ga. 369, 370 (444 SE2d 296) (1994). Thus, this court has refused to apply the rule to any felony murder conviction in which the underlying felony was not the aggravated assault of the murder victim. See id. (underlying felony was the aggravated assault on another person); *Philmore v. State*, 263 Ga. 67 (428 SE2d 329) (1993) (underlying felonies were aggravated assault with intent to rob and attempted possession of marijuana with intent to distribute). Consistent with these cases, we decline to extend our holding in *Edge* to a felony murder when the underlying felony is possession of a firearm by a convicted felon. Therefore, we affirm Sims' conviction and sentence for felony murder based on Count 3.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 20, 1995.

*Brooks S. Franklin,* for appellant.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Barbara B. Conroy, Assistant District Attorneys, Michael J. Bowers, Attorney*

---

[2] In this case, unlike *Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992), the defendant created a foreseeable risk of death when he searched for the victim armed with an automatic pistol.

*General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.