IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2005 Session

**STATE OF TENNESSEE v. EARNEST GWEN HUMPHREY**

**Appeal from the Criminal Court for White County**
**No. CR815        Lillie Ann Sells, Judge**

---

**No. M2003-01489-CCA-R3-CD - Filed August 24, 2005**

---

JOSEPH M. TIPTON, J., concurring.

I concur in the majority opinion, but I believe one issue deserves further discussion–sequential offense consideration jury instructions in cases involving a question of second degree murder or voluntary manslaughter. The defendant's concern is that requiring the jury to acquit on the greater offense before considering the lesser offense can cause a problem when it involves second degree murder and voluntary manslaughter. I agree.

Relevant to this case, second degree murder is the unlawful, intentional or knowing killing of another. T.C.A. § 39-13-210. Voluntary manslaughter is the unlawful, intentional or knowing killing of another while "in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." T.C.A. § 39-13-211. Thus, the elements for second degree murder must be proved for voluntary manslaughter as well.

The danger arising from instructing the jury that it must consider and acquit for second degree murder before considering voluntary manslaughter is that the jury is barred from considering the significance of passion relative to the issue of second degree murder versus voluntary manslaughter. As the majority opinion notes regarding another issue, we presume that the jury has followed the trial court's instructions. See State v. Butler, 880 S.W.2d 395, 399 (Tenn. Crim. App. 1994). Such a sequential instruction has been viewed as a due process violation. See Falconer v. Lane, 905 F.2d 1129, 1137 (7th Cir. 1990); see also Edge v. State, 414 S.E.2d 463, 466 (Ga. 1992) (holding a sequential instruction improper because it "eliminates the jury's full consideration of voluntary manslaughter relative to passion").

I recognize that binding precedent in Tennessee allows for the sequential offense consideration instruction. However, I believe we should not ignore the potential risk created by the instruction. When evidence justifies an instruction on voluntary manslaughter, the trial court should instruct the jury so as to ensure adequate consideration of both second degree murder and voluntary manslaughter. That is, if a sequential offense consideration instruction is given, the instruction

dealing with second degree murder should also advise the jury relative to the issue of passion upon adequate provocation relative to voluntary manslaughter. Such an instruction is contained in T.P.I-Crim. 7.05(a) (8th ed. 2004), which provides after stating the elements of second degree murder:

> The distinction between voluntary manslaughter and second degree murder is that voluntary manslaughter requires that the killing result from a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner.

I note that this instruction was not given in the present case. The trial court should use the Tennessee Pattern Jury Instruction in the future.

_____
JOSEPH M. TIPTON, JUDGE