## S06A0867. LAWSON v. THE STATE.

(635 SE2d 134)

THOMPSON, Justice.

Leo Mack Lawson was convicted by a jury of two counts of felony murder and various other offenses in connection with the shooting death of Ricky Hall.[1] For the reasons which follow, we affirm the judgments of conviction, except for that of felony murder predicated on aggravated assault, and we remand for resentencing.

Viewed in a light most favorable to the verdict, the evidence shows that Ricky Hall and his wife Rhonda lived in a mobile home along with defendant Leo Mack Lawson. The Halls had a stormy relationship and separated intermittently, but at the time of the crime, Ricky had moved back into the residence. This angered Lawson, who had previously approached Rhonda about having a relationship. On the day in question, Lawson wielded a baseball bat and hit Ricky in the legs and back, threatening to kill him if he did not leave the residence. Ricky retreated to his car and drove away, but he

---

[1] The shooting occurred on March 16, 2000. On November 16, 2001, Lawson was charged in an eight-count indictment, as follows: (1) malice murder; (2) voluntary manslaughter; (3) felony murder while in possession of a firearm by a convicted felon; (4) possession of a firearm by a convicted felon; (5) felony murder while in the commission of an aggravated assault; (6) aggravated assault with a rifle; (7) aggravated assault with a baseball bat; and (8) possession of a firearm during the commission of the crime of felony murder (the particular felony murder was not specified). Trial commenced on April 3, 2002, and on April 8, 2002, a jury acquitted Lawson of malice murder and found him guilty of the remaining offenses. While the transcript of the sentencing hearing shows that Lawson was sentenced for each of the remaining seven offenses, the written final disposition order differs. It shows that Counts 2, 3, 4, 5, and 6 all merged (presumably into one of the felony murders). This was clarified further at the hearing on the motion for new trial when the trial court noted that the Count 2 voluntary manslaughter, the Count 3 felony murder predicated on the weapon offense, the Count 4 possession of a weapon by a convicted felon, and the Count 6 aggravated assault were all merged into the life sentence for Count 5 felony murder based on aggravated assault. Lawson also received twenty years for Count 7 aggravated assault with a baseball bat, and five consecutive years for Count 8 possession of a firearm during the commission of a felony murder. He was sentenced as a recidivist to serve life without possibility of parole with respect to the two felony murder counts. Lawson's request to file an out-of-time motion for new trial was granted. On August 19, 2005, the new trial motion was granted in part, striking the recidivist portion of Lawson's sentence; all remaining grounds of the motion for new trial were denied. A timely notice of appeal was filed. The case was docketed in this Court on January 23, 2006, and was submitted for a decision on briefs.

returned to the residence several minutes later. As Ricky was approaching the front door, Lawson produced a .22 rifle and fired a single fatal gunshot into Ricky's abdomen. Lawson admitted to the police that he had been in an altercation with Ricky; that Ricky left the residence but returned shortly thereafter; that upon seeing Ricky approach, Lawson grabbed a rifle from under his bed because he "wasn't going to put up with [Ricky's] crap any more"; and that he shot Ricky as Ricky entered the front door. Forensic evidence established that Ricky had been shot from a distance of 20 to 25 feet.

1. The evidence is sufficient to permit a rational trier of fact to find Lawson guilty beyond a reasonable doubt of voluntary manslaughter, felony murder predicated on possession of a firearm by a convicted felon, aggravated assault (two counts), possession of a firearm by a convicted felon,[2] and possession of a firearm during the commission of a felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lawson correctly asserts that the trial court erred in entering judgments of conviction for both voluntary manslaughter and felony murder predicated on aggravated assault, and sentencing him for both crimes.

Lawson was charged in Count 2 of the indictment with voluntary manslaughter in that he caused the death of Ricky Hall "by shooting him with a rifle, while acting solely as the result of a sudden, violent, and irresistible passion." In Count 5, Lawson was charged with felony murder while in the commission of an aggravated assault in that he caused the death of Ricky Hall "by shooting him with a rifle." Under the authority of *Edge v. State*, 261 Ga. 865, 866 (2) (414 SE2d 463) (1992), "if there is but one assault and that assault could form the basis of either felony murder or voluntary manslaughter, a verdict of felony murder may not be returned if the jury finds that the assault is mitigated by provocation and passion." (Emphasis omitted.) Because the jury found Lawson guilty of both voluntary manslaughter and Count 5 felony murder, "it must be assumed the jurors found the underlying aggravated assault to be the product of provocation and passion. Thus, only the voluntary manslaughter conviction may stand. The [Count 5] felony murder conviction is, accordingly, reversed." *Edge*, supra at 868.

3. In entering the final disposition order, the trial court merged Counts 2, 3, 4 and 6 into the Count 5 felony murder conviction. Since we have reversed the Count 5 felony murder conviction, that sentence

---

[2] A certified copy of a judgment of conviction and sentence for the felony offense of robbery committed by Lawson in Hamilton County, Tennessee in 1980 was received into evidence without objection.

no longer remains in which to merge the remaining counts. We must, therefore, examine the outstanding counts for purposes of resentencing.

As noted previously, Lawson was found guilty of felony murder predicated on possession of a weapon by a convicted felon. In *Sims v. State*, 265 Ga. 35, 36 (3) (453 SE2d 33) (1995), we explained that the modified merger rule in *Edge* "applies only 'where the aggravated assault is perpetrated against the homicide victim and is an integral part of the killing,' " and we declined "to extend our holding in *Edge* to a felony murder when the underlying felony is possession of a firearm by a convicted felon." Id. Under the authority of *Sims*, we remand to the trial court to enter judgment and sentence on Count 3 felony murder predicated on possession of a firearm by a convicted felon, which carries a mandatory life sentence. See *Cochran v. State*, 279 Ga. 51, 52 (609 SE2d 353) (2005); *Harris v. State*, 279 Ga. 304 (3) (c) (612 SE2d 789) (2005).

The remaining offenses are as follows: Count 2 voluntary manslaughter; Count 4 possession of a firearm by a convicted felon; Count 6 aggravated assault with a rifle; Count 7 aggravated assault with a baseball bat; and Count 8 possession of a firearm during the commission of the crime of felony murder. Because there is only one murder victim, "to convict and sentence [Lawson] for both voluntary manslaughter and felony murder would improperly subject [him] to multiple convictions and punishments for one crime." *Smith v. State*, 272 Ga. 874, 881 (6) (c) (536 SE2d 514) (2000). Accordingly, Lawson's conviction and sentence for Count 2 voluntary manslaughter is vacated. Id. In addition, we find that the conviction for Count 4 possession of a firearm by a convicted felon merges with the conviction for Count 3 felony murder predicated on possession of a firearm by a convicted felon. See *Garrett v. State*, 263 Ga. 131 (2) (429 SE2d 515) (1993). We thus vacate the conviction and sentence for Count 4 possession of a firearm by a convicted felon. Id. Lawson, however, is subject to sentencing for the remaining offenses. Accordingly, we remand the case to the trial court with direction that it resentence Lawson consistent with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded for resentencing. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General,* for appellee.