In the Supreme Court of Georgia

Decided:   October 5, 2015

S15A1143. AMOS v. THE STATE.

BLACKWELL, Justice.

Eddie Matthew Amos was tried by a Cobb County jury, which found him guilty of voluntary manslaughter and felony murder, both in connection with the killing of Robin Crankshaw. The trial court merged the voluntary manslaughter into the felony murder, and it sentenced Amos for the murder. Amos appeals, contending only that the trial court should have sentenced him instead for voluntary manslaughter. We find no merit in this claim of error, and we affirm the judgment below.[1]

---

[1] The crimes were committed on August 7, 2007. Amos was indicted on November 19, 2009 and charged with one count of malice murder, one count of felony murder predicated on aggravated assault, one count of felony murder predicated on unlawful possession of a firearm by a convicted felon, one count of aggravated assault, and one count of unlawful possession of a firearm by a convicted felon. On November 19, 2009, Amos pled guilty to unlawful possession of a firearm by a convicted felon. His trial on the remaining charges commenced on May 2, 2011, and the jury returned its verdict three days later, finding him guilty of both counts of felony murder and one count of aggravated assault. As to the count of malice murder, the jury found Amos guilty of the lesser offense of voluntary manslaughter. The trial court sentenced Amos to life imprisonment for felony murder predicated on the unlawful possession of a firearm and merged all the remaining counts. See

1. Viewed in the light most favorable to the verdict, the evidence shows that Amos drove his van on the morning of August 7, 2007 to the auto repair shop at which Crankshaw worked, where Amos fatally shot Crankshaw in the chest. A responding officer found Crankshaw's body lying face down on top of a baseball bat, and two .32 caliber shell casings were found about 35 feet away. Crankshaw's employer saw Amos drive off in an older-model white van and remembered the first three letters on the van's license plate.

After a couple of years passed, investigators were able to locate and interview Amos, with whom they had connected the van. Although Amos initially denied any involvement in the killing of Crankshaw, he eventually admitted that he shot Crankshaw, but Amos claimed that he did so in self-defense. According to Amos, Crankshaw's vehicle had bumped into his van, but Crankshaw drove away while Amos was inspecting his van for damage.

---

Malcolm v. State, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993); see also Smith v. State, 272 Ga. 874, 880 (6) (c) (536 SE2d 514) (2000) ("[b]ecause there is only one victim, to convict and sentence Smith for both voluntary manslaughter and felony murder would improperly subject Smith to multiple convictions and punishments for one crime"). Amos timely filed a motion for a new trial on May 17, 2011, and he amended it on December 6, 2013. The trial court denied his motion on March 31, 2014, and Amos timely filed a notice of direct appeal on April 28, 2014. The case was docketed in this Court for the April 2015 term and submitted for decision on the briefs.

Amos said that he pursued Crankshaw to obtain insurance information, and after they arrived at Crankshaw's workplace, Amos claimed, Crankshaw came at him with a baseball bat and attacked him. Amos acknowledged that he then retrieved a .32 caliber firearm from his van and fired two shots. Amos explained that he fled because, as a convicted felon, he feared explaining the situation to police officers. The evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Amos was guilty of murder in the commission of a felony, the unlawful possession of a firearm by a convicted felon. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); see also Shaw v. State, 292 Ga. 871, 872 (1) (742 SE2d 707) (2013) ("jury is free to reject a defendant's claim that he acted in self-defense") (citation omitted).

2. Because the jury found Amos guilty of both felony murder and voluntary manslaughter, Amos contends, the trial court should have merged the felony murder into the voluntary manslaughter and sentenced him only for voluntary manslaughter. We disagree. In Edge v. State, 261 Ga. 865, 866-867 (2) (414 SE2d 463) (1992), this Court adopted what has become known as the "modified merger rule," concluding that, when a defendant is found guilty of

3

both voluntary manslaughter and felony murder predicated on aggravated assault, the trial court should sentence the defendant only for voluntary manslaughter. Otherwise, we reasoned, almost every voluntary manslaughter would amount to a felony murder (predicated on a felonious assault), and such a rule "would eliminate voluntary manslaughter as a separate form of homicide." Id. at 866 (2). Since Edge, however, we have consistently held that this "modified merger rule" is limited to cases in which the felony murder is predicated on a felony that itself is integral to the homicide, such as aggravated assault. See Kipp v. State, 296 Ga. 250, 252 (765 SE2d 924) (2014); Wallace v. State, 294 Ga. 257, 258-259 (2) (754 SE2d 5) (2013) (Edge rule does not apply where felony murder was predicated on unlawful possession of a firearm by a convicted felon); Lawson v. State, 280 Ga. 881, 883 (3) (635 SE2d 134) (2006) (same); Sims v. State, 265 Ga. 35, 36 (3) (453 SE2d 33) (1995) (same); see also Grimes v. State, 293 Ga. 559, 561 (2) (748 SE2d 441) (2013); Smith v. State, 272 Ga. 874, 879-880 (5) (a) (536 SE2d 514) (2000). Because the felony murder in this case was predicated on unlawful possession of a firearm by a convicted felon — a crime that is (on the facts of this case) independent of, and not

4

integral to, the killing of Crankshaw[2] — the Edge rule does not apply, and the trial court properly sentenced Amos for felony murder, not voluntary manslaughter.[3]

Judgment affirmed. All the Justices concur.

---

[2] The evidence in this case shows that Amos pursued Crankshaw to the auto repair shop while in possession of a .32 caliber firearm in his van. This is not a case in which the defendant first came into unlawful possession of a firearm by virtue of a passion to which he was provoked. Cf. Wallace, 294 Ga. at 262-263 (Melton, J., concurring).

[3] Although Amos urges us to overrule the precedents that have limited Edge and to extend the "modified merger rule" to the circumstances presented here, we see no compelling reason to do so. We continue to adhere to those precedents, and under those precedents, the trial court in this case did not err.