In the Supreme Court of Georgia

Decided: September 12, 2016

S16A1299. DuBOSE v. STATE.
S16A1300. DuBOSE v. STATE.

BLACKWELL, Justice.

Courtney Anwar DuBose was tried by a DeKalb County jury and convicted of felony murder, aggravated assault, and the unlawful possession of a firearm during the commission of a felony, all in connection with the fatal shooting of Atima Smith. In Case No. S16A1299, DuBose appeals from his conviction and sentence, contending that the trial court erred when it sentenced him for felony murder rather than voluntary manslaughter, when it sentenced him separately for felony murder and aggravated assault, and when it charged the jury on voluntary manslaughter. Those contentions, however, lack merit, and in Case No. S16A1299, we affirm. In Case No. S16A1300, DuBose appeals from an order of the trial court that clarified his sentence, but he fails to assert any claim of error as to that order. Accordingly, we dismiss the appeal in Case

No. S16A1300. See Rowland v. State, 264 Ga. 872, 873-874 (1) (452 SE2d 756) (1995).[1]

1. Viewed in the light most favorable to the verdict, the evidence shows that DuBose and Smith were romantically involved, and they lived together in an apartment in DeKalb County. In the late hours of August 23, 2012, DuBose learned that Smith had received some text messages from another man. Believing that Smith had been unfaithful to him, DuBose became enraged, and

---

[1] Smith was killed on August 24, 2012. DuBose was indicted on February 25, 2014, and he was charged with malice murder, two counts of felony murder, aggravated assault, the unlawful possession of a firearm by a convicted felon, the unlawful possession of a firearm during the commission of a felony, and theft by taking. His trial began on March 10, 2014, and the jury returned its verdict four days later, finding him guilty of both counts of felony murder, aggravated assault, the unlawful possession of a firearm by a convicted felon, and the unlawful possession of a firearm during the commission of a felony. As to malice murder, the jury found DuBose guilty of the lesser offense of voluntary manslaughter. He was acquitted of theft by taking. After DuBose initially (and improperly) was sentenced for both voluntary manslaughter and felony murder, the trial court resentenced him to imprisonment for life without the possibility of parole for felony murder predicated on the unlawful possession of a firearm by a convicted felon, imprisonment for twenty consecutive years for aggravated assault, and imprisonment for five consecutive years for the unlawful possession of a firearm during the commission of a felony. The other felony murder and the voluntary manslaughter were vacated by operation of law, and the unlawful possession of a firearm by a convicted felon merged into the felony murder for which it was the predicate felony. See Smith v. State, 272 Ga. 874, 881 (6) (c) (536 SE2d 514) (2000); see also Green v. State, 283 Ga. 126, 130 (2) (657 SE2d 221) (2008). DuBose timely filed a motion for new trial on April 3, 2014, and he amended it on October 16, 2015. The trial court denied his motion on November 24, 2015, and (as to Case No. S16A1299) DuBose timely filed a notice of appeal directed to the Court of Appeals on December 21, 2015. The Court of Appeals transferred the case to us on February 16, 2016, it was docketed in this court for the April 2016 term, and it was orally argued on July 11, 2016.

he and Smith argued in the bedroom that they shared. Smith's daughter — who was sixteen years of age and had been staying with DuBose and Smith for the summer — overheard the argument from another room in the apartment, and shortly after midnight, she heard gunshots. She immediately called 911, and she saw DuBose walk out of the apartment, carrying her mother's Glock handgun.

When emergency personnel responded, they found that Smith had sustained multiple gunshot wounds, and they found DuBose's Browning 9-millimeter pistol nearby. Smith later died as a result of her wounds. When DuBose was arrested, he admitted that he killed Smith, but he claimed that he did so in a sudden fit of passion after discovering what he considered evidence of her unfaithfulness. DuBose does not dispute that the evidence is sufficient to sustain his convictions. Nevertheless, as is our customary practice in murder cases, we independently have reviewed the record with an eye toward the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that DuBose was guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560)

(1979). See also White v. State, 287 Ga. 713, 715 (1) (b) (699 SE2d 291) (2010) ("[i]t is for a jury to determine from all the facts and circumstances whether a killing is intentional and malicious") (citation omitted).

2. At trial, the jury was charged on voluntary manslaughter as a lesser offense included in malice murder, and as to malice murder, the jury accepted that DuBose killed Smith as a result of an irresistible passion arising from provocation and found him guilty of only voluntary manslaughter. DuBose contends that the trial court erred when it sentenced him for a felony murder of which the jury also found him guilty, rather than voluntary manslaughter. In Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992), this Court adopted what has come to be known as the "modified merger rule," which holds that, when a defendant is found guilty of voluntary manslaughter, he cannot also be convicted of felony murder based on the same underlying acts. 261 Ga. at 868 (2). But this Court has consistently limited the application of the rule to cases in which the felony murder is predicated on a felony that is itself integral to the killing, typically an aggravated assault. See Wallace v. State, 294 Ga. 257, 258-259 (2) (754 SE2d 5) (2013). See also Grimes v. State, 293 Ga. 559, 561 (2)

(748 SE2d 441) (2013). Moreover, this Court has consistently refused to extend the Edge rule to cases in which felony murder is predicated on the unlawful possession of a firearm by a convicted felon. See, e.g., Amos v. State, 297 Ga. 892, 894 (2) (778 SE2d 203) (2015); Lawson v. State, 280 Ga. 881, 883 (3) (635 SE2d 134) (2006). Here, the felony murder for which DuBose was sentenced was predicated upon the unlawful possession of a firearm by a convicted felon.

Although DuBose contends that his unlawful possession of a firearm was not independent of the killing — he says that he did not possess a firearm, except when he grabbed Smith's Glock to fire it at her — this claim is belied by the record, which shows that Smith was killed not with the Glock, but with DuBose's own Browning 9-millimeter pistol. His possession of *that* gun was independent of the provoked passion that was the basis for the finding of guilt as to voluntary manslaughter, and it was independent of the killing. Because the felony murder charge in this case is predicated on the unlawful and independent possession of a firearm by a convicted felon, the Edge modified merger rule

does not apply.[2] As a result, the trial court properly sentenced DuBose for felony murder.

3. DuBose also claims that the trial court erred when it sentenced him for both felony murder and aggravated assault. DuBose contends that the two offenses should merge because they are based on the same conduct. But this Court recently held in Crayton v. State, 298 Ga. 792, 801 (7) (784 SE2d 343) (2016), that sentencing a defendant in virtually identical circumstances for both felony murder (predicated on unlawful possession of a firearm) and aggravated assault (assault by use of a deadly weapon) was proper. See also Lawson, 280 Ga. at 881 (3). Under the recent precedents of this Court, there was no error in sentencing DuBose for both felony murder and aggravated assault.

4. Finally, DuBose contends that the trial court erred when it instructed the jury about voluntary manslaughter. According to DuBose, the instruction at issue was not sufficiently tailored to his case, and the trial court should have clarified that infidelity between unmarried persons could result in sufficient

---

[2] Because this is not a case in which the defendant only came into the unlawful possession of a firearm due to "a sudden, violent, and irresistible passion resulting from serious provocation" as described in OCGA § 16-5-2 (a), this case does not present the issues discussed in concurring opinions in Clough v. State, 298 Ga. 594, 598-601 (783 SE2d 637) (2016) (Blackwell, J., concurring), and Wallace, 294 Ga. at 260-263 (Melton, J., concurring).

6

provocation to mitigate a killing under OCGA § 16-5-2 (a). DuBose acknowledges that he failed to object to the jury instruction at trial, but he argues that the instruction was plainly erroneous. See OCGA § 17-8-58 (b).

To show plain error, DuBose must establish not only that the jury instruction was erroneous, but also that "it was obviously so" and that "it likely affected the outcome of the proceedings." State v. Kelly, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). Even assuming that the jury instruction in this case was obviously erroneous, DuBose has failed to show that the jury was confused about whether it could find him — as an unmarried person claiming to have been provoked by infidelity — guilty of voluntary manslaughter as a lesser-included offense. In fact, the jury in this case *did* accept DuBose's defense on one count, finding him guilty of voluntary manslaughter instead of malice murder. It is, therefore, evident that the jury charges in no way confused or hindered the jury in its ability to consider voluntary manslaughter as a lesser-included offense. DuBose has failed to show that any error in the jury charges

7

affected the outcome of the proceedings, and we conclude that the charges were

not plainly erroneous.[3]

Judgment affirmed in Case No. S16A1299. Appeal dismissed in Case No.

S16A1300. All the Justices concur.

---

[3] DuBose also claims that the jury was confused about its ability to find him guilty of voluntary manslaughter as a lesser-included offense based upon a Biblical reference made by the prosecuting attorney during closing argument. But DuBose did not object to the argument at trial, and "alleged errors . . . based on improper remarks during closing argument are not subject to review on appeal for plain error." Gates v. State, 298 Ga. 324, 328 (4) (781 SE2d 772) (2016).

8