304 Ga. 806
FINAL COPY

S18A1594. GRIGGS v. THE STATE.

PETERSON, Justice.

Traevis Griggs appeals his felony murder conviction for the April 2015 shooting death of Jewvyn Glover.[1] Griggs argues that the trial court erred by convicting him of felony murder instead of voluntary manslaughter when the jury found him guilty of both. Because under our precedent the trial court did not err by entering a conviction and sentence on the felony murder count, and

[1] Glover was shot on April 21, 2015. A DeKalb County grand jury on July 16, 2015 indicted Griggs for malice murder, two counts of felony murder (predicated on aggravated assault and possession of a firearm by a convicted felon), two counts of aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, tampering with evidence, and obstruction of an officer. At a July 2016 trial, a jury found Griggs guilty of voluntary manslaughter as a lesser-included offense of malice murder. Griggs was found guilty of all other counts, except that he was found not guilty of the aggravated assault charge premised on an allegation that he pointed a gun at Glover's girlfriend. Sentencing Griggs on August 2, 2016, the trial court stated that the guilty verdicts on voluntary manslaughter and felony murder predicated on aggravated assault were vacated as a matter of law and sentenced Griggs to life without parole for felony murder predicated on possession of a firearm by a convicted felon, while imposing additional concurrent or suspended sentences on some of the other counts. Appellant filed a motion for new trial on August 29, 2016, and amended it on September 29, 2017. The trial court denied the motion in an October 25, 2017 order. Appellant filed a timely notice of appeal, and this case was docketed to this Court's August 2018 term and submitted for decision on the briefs.

because the arguments Griggs makes for deviation from that precedent are unavailing, we affirm.

The evidence in the light most favorable to the verdict shows that Griggs, Glover, their girlfriends, and another woman were living together in an apartment in DeKalb County. The men sold drugs, and their girlfriends engaged in prostitution. By April 21, 2015, the group was being evicted; they were supposed to move out that day. That morning, Glover lay down in one of the bedrooms and went to sleep. His girlfriend, Shaneka McKinnon, lay next to him watching a television show on her cell phone. Griggs walked into the room and fatally shot Glover in the head.

McKinnon fled and reported the shooting to police. Griggs, meanwhile, purchased extension cords, latex gloves, and trash bags and returned to the apartment, where he tied Glover's body up with an extension cord and wrapped him in a shower curtain and comforter. Police surrounded the apartment, and Griggs emerged with a trash bag and ran away. He was apprehended soon after. The trash bag contained clothing with reddish stains, a pair of latex gloves turned inside out, a wallet containing a debit card with the victim's last name but no money, and a cartridge casing of the same caliber as the bullet found inside

2

Glover's head. Griggs initially denied involvement in the shooting, but at trial he admitted having shot Glover, claiming self-defense.

1. Although Griggs does not challenge the sufficiency of the evidence, we have independently reviewed the record and conclude that the trial evidence was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was guilty of the crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Griggs's sole argument on appeal is that the trial court erred by vacating the verdict on the voluntary manslaughter count and sentencing him for felony murder, contending that the trial court instead should have vacated the felony murder counts and entered a conviction and sentence for voluntary manslaughter. We disagree.

As noted above, Griggs claimed self-defense at trial. In particular, he testified that McKinnon had told him Glover was withholding her money and, on the morning of the shooting, had enlisted Griggs's help in getting it back. Griggs testified that he went into Glover's room, woke him, told him that McKinnon wanted her money back, and then pulled a gun out of his own pocket and shot Glover when, he believed, Glover reached for a gun. In her testimony,

3

McKinnon disputed Griggs's version of events, saying that she handled her own money, she didn't know why Griggs shot Glover, and Glover didn't have a gun in his possession when he was shot.

Charged with malice murder, Griggs instead was found guilty of the lesser-included offense of voluntary manslaughter. Among other charges, Griggs also was found guilty of felony murder predicated on aggravated assault and felony murder predicated on possession of a gun by a convicted felon. At sentencing, Griggs asked the trial court to sentence him to 20 years for voluntary manslaughter. The trial court instead stated that the voluntary manslaughter count and felony murder count predicated on aggravated assault were vacated by operation of law, and sentenced Griggs to life without parole for felony murder predicated on possession of a firearm by a convicted felon.

In Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992), we held that when a defendant is found guilty of voluntary manslaughter and felony murder premised on aggravated assault, and both charges arise from the same assault, the defendant should be convicted and sentenced only for voluntary manslaughter. 261 Ga. at 865-866 (2). In that scenario, we explained, it must be presumed that the jurors found the underlying aggravated assault to be the

product of provocation and passion. Id. at 868 (2). We reasoned that to hold otherwise "would eliminate voluntary manslaughter as a separate form of homicide[.]" Id. at 866 (2). This was so because "almost every voluntary manslaughter involves a felonious assault[.]" Anthony v. State, 303 Ga. 399, 402 (2) (a) (811 SE2d 399) (2018).

We have extended this rule to other fact patterns in which the felony murder is premised on "another underlying felony that is equally integral to the homicide and susceptible of mitigation by the sort of provocation and passion that voluntary manslaughter involves." Id. (citing Sanders v. State, 281 Ga. 36, 37-38 (1) (635 SE2d 772) (2006), which extended Edge to aggravated battery and arson). But in Edge we indicated that vacatur of the felony murder verdict is not required "if the underlying felony is independent of the killing itself, such as burglary, robbery, or even an assault that is directed against someone other than the homicide victim." 261 Ga. at 867 (2) n.3. We thus have declined to extend the rule to cases in which the felony murder is premised on a felony that is not integral to the homicide. See, e.g., Anthony, 303 Ga. at 403 (2) (a) (criminal street gang activity); Clough v. State, 298 Ga. 594, 598 (2) & n.2 (783 SE2d 637) (2016) (burglary); Smith v. State, 272 Ga. 874, 879-880 (6) (a) (536

SE2d 514) (2000) (armed robbery). And this Court repeatedly has declined to extend the modified merger rule of Edge to felony murder predicated on possession of a firearm by a convicted felon. See DuBose v. State, 299 Ga. 652, 653-654 (2) (791 SE2d 9) (2016); Amos v. State, 297 Ga. 892, 893-894 (2) (778 SE2d 203) (2015); Wallace v. State, 294 Ga. 257, 258-259 (2) (754 SE2d 5) (2013); Lawson v. State, 280 Ga. 881, 883 (3) (635 SE2d 134) (2006); Sims v. State, 265 Ga. 35, 36 (3) (453 SE2d 33) (1995).

Acknowledging this case law limiting the reach of Edge, Griggs argues that we nonetheless should extend the Edge rule to his case. He points to evidence that Griggs knew the victim owned a gun and that the victim had been behaving in a threatening manner in the days leading up to the shooting. He attempts to distinguish DuBose, in which we rejected the appellant's argument that his possession of a firearm was integral to the homicide. 299 Ga. at 654 (2). But that attempt is unavailing. In DuBose, we concluded that the appellant's claim that he did not possess a firearm until grabbing the victim's firearm in a sudden fit of passion was belied by evidence that the victim was killed not with her own gun but with the appellant's. Id. We explained that the appellant's possession of his own gun "was independent of the provoked passion that was

6

the basis for the finding of guilt as to voluntary manslaughter" and "independent of the killing." Id. Here, notwithstanding Griggs's testimony that he obtained a gun to protect himself from the victim, there is no evidence at all that Griggs came into the unlawful possession of a firearm only "as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person," OCGA § 16-5-2 (a), such that his possession could be said to be "mitigat[ed] by the sort of provocation and passion that voluntary manslaughter involves." Anthony, 303 Ga. at 402 (2) (a). Instead, Griggs testified that he acquired the gun that he used to kill Glover "maybe five days" before the shooting. Griggs testified that the gun likely had been in his pants from the previous day when he got dressed on the morning of the shooting.

The facts of this case therefore do not approach those that we have suggested might justify entering a conviction of voluntary manslaughter even where, based on the same killing, a jury also has found the defendant guilty of felony murder predicated on unlawful possession of a firearm by a convicted felon. See Amos, 297 Ga. at 894 (2) n.2; see also DuBose, 299 Ga. at 654 (2) n.2; Clough, 298 Ga. at 598-601 (Blackwell, J., joined by Melton, J.,

7

concurring); <u>Wallace</u>, 294 Ga. at 260-263 (Melton, J., concurring). The trial court did not err in entering a judgment of conviction on the jury's verdict finding Griggs guilty of felony murder and sentencing him accordingly.

<u>Judgment affirmed. All the Justices concur.</u>

Decided December 10, 2018.

Murder. DeKalb Superior Court. Before Judge Flake.

Michael W. Tarleton, for appellant.

Sherry Boston, District Attorney, Emily K. Richardson, Lenny I. Krick, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General, for appellee.