[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11224

Non-Argument Calendar

_____

WILLIAM BURKE,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01096-AT

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

William Burke, a Georgia inmate, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Burke was convicted of felony murder, aggravated assault, and possession of a firearm during the commission of a felony. Following unsuccessful challenges to his convictions on direct appeal and in collateral proceedings in Georgia state courts, Burke filed a habeas petition in the Northern District of Georgia, raising thirty-four claims of ineffective assistance of appellate counsel.[1] The district court denied Burke's petition with prejudice. But the district court granted him a certificate of appealability (COA) as to one claim: whether appellate counsel was ineffective for not raising trial counsel's failure to object when the trial court failed to charge voluntary manslaughter as a lesser included offense for felony murder.

After careful review, we affirm the district court's denial of Burke's § 2254 petition. We conclude that Burke has failed to show that he was prejudiced by appellate counsel's failure to raise an ineffective of assistance claim against trial counsel for failure to obtain a jury charge of voluntary manslaughter as a lesser included

---

[1] Burke also raised eight claims of ineffective assistance of trial counsel. Like the state habeas court, the district court found those eight claims to be procedurally barred.

offense of felony murder.  Therefore, Burke cannot show a meritorious claim of ineffective assistance of counsel.

## I.    BACKGROUND

### A. Proceedings in the Georgia Trial Court

In November 2012, a grand jury in DeKalb County, Georgia, indicted Burke for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony.  The charges stemmed from Burke shooting and killing Andrew Daly.  Burke pleaded not guilty and proceeded to trial represented by Letitia Delan.  Burke's first trial ended in a mistrial.

At the second trial, still represented by Delan, Burke testified that he did not intend to shoot anyone and did not know it was Daly he had shot.  At the charge conference, the state proposed giving the jury a voluntary manslaughter instruction as a lesser included offense to malice murder.  Burke objected, but the trial court overruled the objection.  Ultimately, the jury found Burke not guilty of malice murder (or the lesser included charge of voluntary manslaughter) but found him guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a felony.  The trial court sentenced Burke to life imprisonment for the felony murder and aggravated assault plus a consecutive five-year term for the firearm count.

With new counsel, Burke moved for a new trial.  Because Burke wanted to raise an ineffective of assistance of trial counsel claim, Burke's new counsel could not represent Burke due to a

conflict. In Georgia, if a defendant receives new counsel after the trial, but before direct appeal, then the defendant must bring any ineffective assistance of claims about trial counsel on appeal. Ga. Code § 9-14-48.

With new counsel, Burke amended his motion twice to include ineffective of assistance claims against Delan. The trial court conducted a hearing where Delan testified about the trial and the decisions about the trial strategy. After the hearing but before the trial court ruled on the motion for new trial, Burke obtained new counsel, Long Vo. Vo filed a third amended motion for a new trial focusing on the trial court's limitation of the voluntary manslaughter charge as a lesser included offense only to malice murder and not felony murder.[2] Vo did not request another evidentiary hearing.

The trial court denied Burke's motion for a new trial, finding that Burke's ineffective assistance of counsel claims were meritless. The trial court also found that it did not err in failing to charge the jury as to voluntary manslaughter as a lesser included offense for felony murder. Rather, the trial court explained there was no evidence that Burke acted upon a sudden and irresistible passion, which is required to support a voluntary manslaughter charge.

---

[2] In Georgia, "the jury should be admonished that if it finds provocation and passion with respect to the act [such as aggravated assault] which caused the killing, it could not find felony murder, but would be authorized to find voluntary manslaughter." *Edge v. State*, 414 S.E.2d 463, 466 (Ga. 1992).

The trial court explained that because the facts remained the same for both murder charges, then the jury's rejection of voluntary manslaughter under malice murder meant the jury would have likely rejected voluntary manslaughter as an alternative for felony murder.

## B. Direct Appeal and State Postconviction Proceedings

With Vo as his appellate counsel, Burke raised two issues about the jury charge and the verdict form concerning voluntary manslaughter. Burke did not raise any ineffective assistance of trial counsel claims. Burke argued "that the trial court improperly limited the jury's consideration of voluntary manslaughter to a lesser offense of only malice murder, both in its oral instructions and on the verdict form, so that the jury had no option to consider the lesser offense in relation to the felony murder charge." *Burke v. State*, 809 S.E.2d 765, 766 (Ga. 2018).

The Georgia Supreme Court sua sponte held that the evidence supported Burke's convictions. *Id.* at 767. The court also found that there was "no evidence to support a verdict that Burke was guilty of voluntary manslaughter." *Id.* at 769. Because no evidence supported the charge of voluntary manslaughter, the trial court did not err "in failing to give the jury the option to consider voluntary manslaughter as an alternative to felony murder." *Id.* Burke, proceeding pro se, petitioned the United States Supreme Court for certiorari, which was denied. *Burke v. Georgia*, 139 S. Ct. 294 (2018).

Proceeding pro se, Burke filed a state habeas petition raising thirty-three claims, including ineffective assistance of appellate counsel.  Specifically, Burke alleged that his appellate counsel was ineffective for not bringing ineffective assistance claims about his trial counsel in his direct appeal proceedings.  Burke and the Warden submitted written questions to Vo who provided written answers.  At a hearing on Burke's petition, the state introduced Vo's written deposition, and Burke supplied documents to support his petition including letters between Burke and Vo.

The state habeas court denied Burke's petition.  Specifically, the court found that the Georgia Supreme Court had decided that there was insufficient evidence to support a manslaughter charge, and the issue would "not be re-litigated."  The court held that "appellate counsel was not deficient" in failing to request voluntary manslaughter and involuntary manslaughter charges, so Burke had "not shown that appellate counsel's actions likely fell below an objective standard of reasonableness" by failing to bring claims relating to the manslaughter arguments.  Burke timely appealed, but the Georgia Supreme Court denied further review.

## C.  Federal Habeas Petition

Burke filed a § 2254 habeas petition, challenging his convictions and raising forty grounds for relief.  Burke moved to amend his petition to add three claims, which the Warden opposed.  The magistrate judge granted Burke leave to amend as to one appellate counsel ineffectiveness claim but denied the other two claims.

In a comprehensive report and recommendation, the magistrate judge recommended that Burke's petition be denied and that a COA be denied. Burke filed his objections. The district court adopted the report and recommendation and denied the petition. But the district court granted Burke a COA on the claim of whether Burke's appellate attorney rendered ineffective assistance by failing to argue that trial counsel was ineffective regarding the trial court's voluntary manslaughter charge.

Burke timely appealed. On appeal, Burke moved to expand his COA, which this court denied.

## II.    DISCUSSION

"We review *de novo* a district court's grant or denial of a habeas corpus petition." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010). To warrant habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Burke must establish not only that his constitutional claim is meritorious, but also that the state court's adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The merits of Burke's ineffective assistance of counsel claim are "squarely governed" by the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Under *Strickland*, Burke must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Since a habeas petitioner must show both deficiency and prejudice, we may dispose of a *Strickland* claim based on a determination that a defendant has failed to show either prong without considering the other. *See id.* at 697. We do so in Burke's case.

We need not decide whether AEDPA deference applies to the state court's decision that Burke's allegations were insufficient because Burke has failed to show prejudice under even a de novo standard of review. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review."); *see also Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109–10 (11th Cir. 2012).

Deciding whether appellate counsel was ineffective "requires determining whether trial counsel was ineffective in the first place." *Butts v. GDCP Warden*, 850 F.3d 1201, 1204 (11th Cir. 2017). If trial counsel was not ineffective, then appellate counsel's failure to argue that trial counsel was ineffective could not have prejudiced Burke. *See Brown v. United States*, 720 F.3d 1316, 1335

(11th Cir. 2013) ("It is also crystal clear that there can be no showing of actual prejudice from an appellate attorney's failure to raise a meritless claim.").

So the question is whether the trial counsel ineffectiveness claim was meritorious. And here, the answer is no. The Georgia Supreme Court held that there was insufficient evidence to support the voluntary manslaughter charge and thus it was not error for the jury to not receive that charge. *Burke*, 809 S.E.2d at 769. Thus, Burke's trial counsel was not ineffective in failing to ask for the voluntary manslaughter charge as a lesser included crime for felony murder because the evidence did not support the charge. Further, his appellate counsel's failure to bring that claim did not prejudice Burke as there is not a reasonable probability it would have changed the outcome. *See Strickland*, 466 U.S. at 694.

## III.    CONCLUSION

For these reasons, we affirm the district court's denial of Burke's habeas petition.

**AFFIRMED.**