**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 21, 2023

S23A0607.   OWENS v. THE STATE.

WARREN, Justice.

In October 2015, Norris Owens was convicted of felony murder based on possession of a firearm by a first-offender probationer and other crimes in connection with the shooting death of Randolph Williamson.  On appeal, Owens argues that the trial court erred by not merging the count for felony murder based on unlawful possession of a firearm by a first-offender probationer into the voluntary manslaughter verdict.  Seeing no error, we affirm.[1]

---

[1] Williamson was killed on October 18, 2015.  On March 16, 2016, a Fulton County grand jury indicted Owens on six counts: malice murder; felony murder based on aggravated assault; felony murder based on possession of a firearm by a first-offender probationer; aggravated assault with a deadly weapon; possession of a firearm during the commission of a felony; and possession of a firearm by a first-offender probationer.  At a trial in October 2017, the jury found Owens guilty of the lesser offense of voluntary manslaughter on the malice murder count and guilty on all other counts. At sentencing, the felony murder verdict based on aggravated assault was vacated

1. As relevant to Owens's enumeration on appeal, the evidence presented at trial showed the following. On October 18, 2015, Owens, a first-offender probationer, was socializing with friends in the parking lot of an apartment complex. Tucked into Owens's waistband was a loaded 9mm handgun he had acquired two weeks earlier. Williamson drove into the parking lot and got out of the car in front of Owens with his hands in his pants. In front of several onlookers, Williamson challenged Owens to a fistfight and pulled his hand out of his pants. Owens pulled out his gun and shot Williamson twice, once in the head and once in the chest, killing him.

2. As noted in footnote 1 above, Owens was found guilty of

by operation of law, and although the trial court purported to merge the voluntary manslaughter verdict into the remaining felony murder conviction, the voluntary manslaughter count was actually vacated by operation of law. See *Crayton v. State*, 298 Ga. 792, 800-801 (784 SE2d 343) (2016). The trial court merged the count for possession of a firearm by a first-offender probationer into the related count of felony murder and sentenced Owens to serve life in prison for felony murder based on possession of a firearm, 20 years to run concurrently for aggravated assault, and 5 years to run consecutively for possession of a firearm during a felony. With new counsel, Owens timely moved for a new trial, which he later amended. In April 2021, after an evidentiary hearing, the trial court denied Owens's motion for new trial as amended. Owens filed a timely notice of appeal. The case was docketed to the April 2023 term of this Court and submitted for a decision on the briefs.

voluntary manslaughter as a lesser offense of malice murder, but that verdict was vacated by operation of law because the trial court sentenced Owens for felony murder based on possession of a firearm by a first-offender probationer. Owens contends that this was error, and that the trial court should have instead merged the felony murder verdict into the voluntary manslaughter verdict and sentenced him for voluntary manslaughter. Owens's contention fails.

In *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), this Court adopted a "modified" merger rule that "precludes a felony murder conviction only where it would prevent an otherwise warranted verdict of voluntary manslaughter." Id. at 867. We explained:

> [I]f there is but one assault and that assault could form the basis of either felony murder or voluntary manslaughter, a verdict of felony murder may not be returned if the jury finds that the assault is mitigated by provocation and passion. To hold otherwise would eliminate voluntary manslaughter as a separate form of homicide since, in that event, every voluntary manslaughter would also be a felony murder.

Id. at 866.

3

We have extended the modified merger rule to situations in which "the felony murder is premised on another underlying felony that is equally integral to the homicide and susceptible of mitigation by the sort of provocation and passion that voluntary manslaughter involves." See *Griggs v. State*, 304 Ga. 806, 808 (822 SE2d 246) (2018) (noting that this Court has extended the modified merger rule in past cases, but declining to extend *Edge* in that case) (citation and punctuation omitted). See also, e.g., *Sanders v. State*, 281 Ga. 36 (2006) (extending *Edge* to aggravated battery and arson). But we have explained that the modified merger rule does not apply "'if the underlying felony is independent of the killing itself.'" *Griggs*, 304 Ga. at 808 (citing *Edge*, 261 Ga. at 867 n.3). Thus, this Court "repeatedly has declined to extend the modified merger rule of *Edge* to felony murder predicated on possession of a firearm by a convicted felon." Id. See also *Sims v. State*, 265 Ga. 35, 36 (453 SE2d 33) (1995) (first deciding this question).[2]

_____

[2] Owens makes no argument that we should treat possession of a firearm by a first-offender probationer differently than possession of a firearm by a

4

Owens acknowledges this precedent, but argues that we should nevertheless extend *Edge* to apply here, citing *Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992). But that would require us to overrule almost three decades of consistent precedent, and Owens does not offer a stare decisis argument that persuades us to do so. See *Crayton v. State*, 298 Ga. 792, 800-801 (784 SE2d 343) (2016) (declining to overrule this Court's holdings "for the past two decades that the modified merger rule announced in *Edge* is inapplicable to felony murder predicated on possession of a firearm by a convicted felon"). We thus affirm Owens's conviction for felony murder predicated on possession of a firearm by a first-offender probationer.

*Judgement affirmed. All the Justices concur.*

---

convicted felon, and we see no reason to do so here. He also does not argue that he

> came into the unlawful possession of a firearm only "as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person," OCGA § 16-5-2 (a), such that his possession could be said to be mitigat[ed] by the sort of provocation and passion that voluntary manslaughter involves.

*Griggs*, 304 Ga. at 808-809 (citation and punctuation omitted). Indeed, the evidence shows that Owens acquired the gun that he brought to the parking lot and used in the shooting two weeks before his altercation with Williamson.

5